UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FLEISHMAN-HILLARD INC.,
a corporation,

    Plaintiff,

-against-

JOHN DOE,
an individual,

    Defendant.



Index No. 08 Civ. _____

**COMPLAINT**



RECEIVED JUL 16 2008 U.S.D.C. S.D.N.Y. CASHIERS

  Plaintiff Fleishman-Hillard Inc. ("Plaintiff"), for its Complaint against Defendant John Doe ("Defendant"), states as follows:

### Nature of the Action

  1. This is an action for false designation of origin and related violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), arising out of Defendant's willful misuse of domain names in a manner that is likely to cause confusion or mistake, or to deceive persons as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

### Parties

  2. Plaintiff is a Delaware corporation, with an office in New York, New York.

  3. Defendant is a person whose identity is unknown. Despite diligent investigation, Plaintiff is currently unaware of Defendant's identity and needs to conduct discovery to determine its, his or her true identity. Once the identity of Defendant Doe has been discovered, Plaintiff will amend its Complaint.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

**Facts**

6. Plaintiff is a global communications, marketing, and public relations agency that was founded in the 1940s, and has continuously used the name "Fleishman-Hillard" in connection with its services since its inception.

7. In the United States, the service mark "FLEISHMAN HILLARD" is registered with the United States Patent and Trademark Office (Registration No. 1876868) in the name of Fleishman-Hillard, Inc. This registration, which issued in 1994, is valid and incontestable under 15 U.S.C. § 1065.

8. Plaintiff has registered and used the domain name www.fleishman.com in connection with its services since June 1995, and has registered and used the domain name www.fleishmanhillard.com in connection with its services since June 2000.

9. Upon information and belief, on or about March 30, 2008, Defendant registered the domain name www.globalprarie.com [sic] through the domain name registrar GoDaddy.com, Inc., using the services of a company called Domains by Proxy, which registered the domain name www.globalprarie.com [sic] in its own name on behalf Defendant (listing itself as the registrant on the public Whois records) in order to protect and conceal the identity of the actual operator of www.globalprarie.com [sic].

10. Upon information and belief, the domain name www.globalprarie.com [sic] intentionally redirects anyone who attempts to access www.globalprarie.com [sic] to Plaintiff's website at www.fleishmanhillard.com.

11. Such use of Defendant's domain name in connection with its goods or services, and its unauthorized misuse of Plaintiff's domain name and service mark, constitutes a use in or affects interstate commerce.

12. Neither Defendant, www.globalprarie.com [sic] nor an entity called "globalprarie" is in any way affiliated, connected, or associated with Plaintiff.

13. Plaintiff has not authorized Defendant to redirect viewers of www.globalprarie.com [sic] to Plaintiff's website.

14. Defendant's goods, services, or commercial activities are not sponsored or approved by Plaintiff.

15. Defendant's unauthorized misuse of Plaintiff's domain name and website, and Defendant's use of its domain name to re-direct viewers from www.globalprarie.com [sic] to Plaintiff's website, are likely to improperly cause confusion, mistake, or to deceive persons as to the affiliation, connection, or association of Defendant with Plaintiff and Plaintiff's website, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiff.

16. Upon information and belief, Defendant's conduct was willful and deliberate.

17. Defendant's conduct has caused harm and damage to Plaintiff and its reputation, goodwill and sales because it has improperly caused confusion, mistake, and deceived persons by causing them to falsely believe that Defendant is affiliated, associated, or connected with Plaintiff, in an amount yet to be determined at trial.

18. In addition, if Defendant's activities are not enjoined, Plaintiff will suffer irreparable harm and injury to its goodwill and reputation.

## COUNT I

**(Violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125 )**

19. Plaintiff repeats and realleges Paragraphs 1 through 18 of this Complaint as if fully set forth and restated herein.

20. Defendant's acts described above constitute false designation of origin and sponsorship in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and, as a direct and proximate result of such acts Plaintiff has been and will be damaged such that Plaintiff is entitled to both injunctive relief and monetary damages.

### Relief Requested

WHEREFORE, Plaintiff respectfully demands judgment in its favor and prays for relief against Defendant as follows:

a. That the Court award such compensatory damages to Plaintiff as is appropriate, plus interest and costs;

b. That the Court permanently enjoin Defendant and all persons in active concert or participation with Defendant from re-directing viewers of www.globalprarie.com [sic] to any of Plaintiff's websites or to falsely designate the origin and sponsorship of Plaintiff's website and services;

c. That the Court award Plaintiff its attorney's fees and expenses; and

d. That the Court award Plaintiff such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

**DAVIS & GILBERT LLP**

By: /s/ Ina B. Scher
Ina B. Scher
Shirin Keen
1740 Broadway
New York, New York 10019
(212) 468-4800
*Attorneys for Plaintiff*

Dated:     New York, New York
           July 10, 2008